IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br> vs.<br><br>RYAN GABEL,<br><br>    Defendant. | 8:16CR76<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's Motion, ECF No. 312, captioned "DUE PROCESS RIGHT'S VIOLATIONS UNDER THE FIFTH AMENDMENT, AND CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AMENDMENT (Farmer v. Brennan) AND/OR UNDER 18 U.S.C. § 3582(c)(1)(A) AND/OR UNDER U.S.S.G. § 1B1.13(1)(A)."

The Defendant contends that conditions of confinement at the United States Penitentiary in Marion, Illinois, violate his right to due process and his right to be free from cruel and unusual punishment under the United States Constitution. This Court has no jurisdiction over such claims, and they will be dismissed without prejudice to reassertion in the U.S. District Court for the district where the Defendant resides.

The Defendant also seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) as amended by Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), affording him immediate release from custody. He notes that he has high blood pressure and he fears adverse health consequences as a result of potential exposure to coronavirus.

Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."

Section 3582(c)(1)(A) also provides in pertinent part:

[T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

    (i)    extraordinary and compelling reasons warrant such a reduction;
        . . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

In the Defendant's pending Motion, he has included no evidence or factual allegations regarding his submission of any request to the Warden of his facility. Accordingly, it appears the Defendant has not exhausted his administrative remedies, and this Court has no jurisdiction over his Motion under § 3582(c)(1)(A).

Accordingly,

IT IS ORDERED:

1. The Defendant's Motion, ECF No. 312, is denied without prejudice to reassertion of his claims of constitutional violations in the U.S. District Court for the district in which he resides, and without prejudice to reassertion of his claim

under 18 U.S.C. § 3582(c)(1)(A) following his exhaustion of administrative remedies; and

2. The Clerk will mail a copy of this Memorandum and Order to the Defendant at his last know address.

Dated this 10th day of August 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge