IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>RYAN GABEL,<br><br>                Defendant. | 8:16CR76<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on the Defendant's Motion for Reconsideration, ECF No. 314, in which he asks the Court to reconsider its denial of his Motion captioned "DUE PROCESS RIGHT'S VIOLATIONS UNDER THE FIFTH AMENDMENT, AND CRUEL AND UNUSUAL PUNISHMENT UNDER THE EIGHTH AMENDMENT (Farmer v. Brennan) AND/OR UNDER 18 U.S.C. § 3582(c)(1)(A) AND/OR UNDER U.S.S.G. § 1B1.13(1)(A)," ECF No. 312.

In his earlier motion, the Defendant contended that conditions of confinement at the United States Penitentiary in Marion, Illinois, violated his right to due process and his right to be free from cruel and unusual punishment under the United States Constitution. The Court noted that it had no jurisdiction over such claims, and they were dismissed without prejudice to reassertion in the U.S. District Court for the district where the Defendant resides.

The Defendant also sought a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) as amended by Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), affording him immediate release from custody. He noted that he has

high blood pressure and he fears adverse health consequences as a result of potential exposure to coronavirus.

Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."

Section 3582(c)(1)(A) also provides in pertinent part:

[T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

    (i)    extraordinary and compelling reasons warrant such a reduction;
    . . . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The Court denied the Defendant's earlier motion under § 3582(c)(1)(A), without prejudice to reassertion following exhaustion of administrative remedies. In his pending Motion, the Defendant asserts that he submitted a request for compassionate release to his Warden; more than thirty days elapsed since the submission; and the Warden denied this request. Accordingly, the Court will address the Defendant's request for compassionate release.

United States Sentencing Guideline § 1B1.13 and related Commentary were most recently updated on November 1, 2018, before the effective date of the First Step Act— December 21, 2018.  Accordingly, the Guideline and Commentary still presume that a reduction in sentence under § 3582(c)(1)(A) must be made upon motion of the Director of the Bureau of Prisons:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) extraordinary and compelling reasons warrant the reduction;
>    . . . .
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

The Defendant does not meet criteria listed in U.S. Sentencing Guidelines § 1B1.13 Application Note 1(A), (B), or (C), for release under 18 U.S.C. § 3582(c)(1)(A) based on any medical condition.  It must be inferred that he argues the coronavirus pandemic presents an extraordinary and compelling reason for his release from custody under Application Note 1(D).[1]  Accepting the all the Defendant's factual allegations as true, the Court cannot conclude that he has shown any extraordinary and compelling

---

[1] Application Note 1(D), titled "Other Reasons" is a catch-all provision, noting that the Director may determine "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." This Court infers that the Commission would apply the same criteria, including the catch-all provision of Application Note 1(D), in the wake of the First Step Act's amendment to § 3582(c)(1)(A), and that this Court may use Application Note 1(D) as a basis for finding extraordinary and compelling reasons to reduce a sentence.

3

reason for a reduction of his sentence or his release from custody. A reduction of his sentence to time served would also be contrary to the factors the Court must consider under 18 U.S.C. in § 3553(a)(1),[2] (2)(A) through (C),[3] and (6).[4]

Accordingly,

IT IS ORDERED:

1. The Defendant's Motion for Reconsideration, ECF No. 314, is granted, insofar as the Court has reconsidered his earlier motion for compassionate release, ECF No. 312;

2. The Court will not modify the Defendant's sentence under 18 U.S.C. § 3582(c)(1)(A); and

3. The Clerk will mail a copy of this Memorandum and Order to the Defendant at his last know address.

Dated this 24th day of August 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge

---

[2] "[T]he nature and circumstances of the offense and the history and characteristics of the defendant . . . ."

[3] "[T]he need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant . . . ."

[4] "[T]he need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . ."